**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Powers TICHENOR, Defendant-Appellant.**

**No. 18325.**

United States Court of Appeals Sixth Circuit.

Nov. 21, 1968.

Terrence R. Fitzgerald, Louisville, Ky., for appellant.

John R. Wilson, Asst. U. S. Atty., Louisville, Ky., for appellee, Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before CELEBREZZE, PECK, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a conviction for a wilful and knowing failure to report for civilian work as ordered, in violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462.

Appellant, David Powers Tichenor, a Jehovah's Witness, appeared before his local draft board personally on January 26, 1966 to discuss his request for a IV-D (regular or duly ordained minister) classification. He had previously submitted to the board evidence supporting his claim that he devoted a minimum of twenty-seven and one-half hours per week to his ministry and held the position of Book Study Conductor, among others, in his congregation. At the conclusion of that hearing, his draft board decided that he did not qualify for a IV-D classification and that his I-A-O (available for noncombatant service) classification would be retained. Tiche-

nor appealed from this decision and, on May 11, 1966, he was reclassified I-O (conscientiously opposed to participation in war in any form) by his appeal board He was then ordered by his local board to report for civilian work at Central State Hospital, Anchorage, Kentucky, on March 21, 1967. On that date appellant failed to report. He was indicted, tried in the District Court before a jury, and convicted.

Appellant moved for, and was denied, a judgment of acquittal in the District Court. He contended there, as he does on appeal, that this motion should have been granted on the ground that he was erroneously denied the requested IV-D classification. The District Court found, as a matter of law, that there was a basis in fact for the board's classification of appellant and implicit in the jury's verdict of guilty is the finding that his classification was neither arbitrary and capricious, nor the result of prejudice or discrimination.

This appeal requires us to determine whether Tichenor's draft board denied his requested IV-D classification on the basis of an erroneous view of law, and if so, whether this error was corrected by the action of the appeal board.

■ Although the scope of judicial review of a selective service classification is exceedingly narrow, it is clear that a classification made on the basis of an erroneous view of law falls within its purview. See Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L. Ed. 436 (1955); Gatchell v. United States, 378 F.2d 287 (9th Cir.1967) (dictum); United States v. Stepler, 258 F.2d 310 (3rd Cir.1958); Shepherd v. United States, 217 F.2d 942 (9th Cir. 1954); Hinkle v. United States, 216 F. 2d 8 (9th Cir.1954), cert. denied, 348 U. S. 970, 75 S.Ct. 529, 99 L.Ed. 755 (1955); United States v. Hagaman, 213 F.2d 86 (3rd Cir.1954); United States

ex rel. Phillips v. Downer, 135 F.2d 521 (2d Cir.1943). In *Sicurella,* supra, the Supreme Court reviewed the denial of a I-O classification to a Jehovah's Witness. The Department of Justice had recommended this denial to the registrant's appeal board for the stated reason that the registrant had failed to establish that he was opposed to war in any form since he was willing to fight in defense of his ministry, Kingdom Interests, and his brethren. The Court held that, as a matter of law, this willingness did not, of itself, warrant the denial of a I-O classification. The Court further held that, since it was not clear whether the appeal board had based its decision on the report from the Department of Justice, it would be presumed that it had, and reversed the registrant's conviction.

In the instant case, it is clear from the testimony of the members of Tichenor's draft board who testified,[1] and from the written summary of his personal appearance before that board,[2] that he was denied a IV-D classification by the board solely on the ground that he was not certified by his church as a "Pioneer", and that it was necessary to be so certified in order to qualify for that classification. We hold that this denial was based on an erroneous view of law.

50 U.S.C. App. § 456(g) provides in part:

Regular or duly ordained ministers of religion, as defined in this title, * * * shall be exempt from training and service * * * under this title.

50 U.S.C. App. § 466(g) defines the term "regular or duly ordained minister" as follows:

(1) The term "duly ordained minister of religion" means a person who has been ordained, in accordance with the ceremonial, ritual, or discipline of

---

1. The members of the board who testified were Messrs. Seidman, Thacker, Tanner and Young. The pertinent portion of the testimony of each appears in the Rec-

ord at 134–45, 157–60, 166–67, and 173–74, respectively.

2. This summary appears in the record at 60–63.

a church, religious sect, or organization established on the basis of a community of faith and belief, doctrines and practices of a religious character, to preach and to teach the doctrines of such church, sect, or organization and to administer the rites and ceremonies thereof in public worship, and who as his regular and customary vocation preaches and teaches the principles of religion and administers the ordinances of public worship as embodied in the creed or principles of such church, sect, or organization.

(2) The term "regular minister of religion" means one who as his customary vocation preaches and teaches the principles of religion of a church, a religious sect, or organization of which he is a member, without having been formally ordained as a minister of religion, and who is recognized by such church, sect, or organization as a regular minister.

(3) The term "regular or duly ordained minister of religion" does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, religious sect, or organization and does not include any person who may have been duly ordained a minister in accordance with the ceremonial, rite, or discipline of a church, religious sect or organization, but who does not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect, or organization.

32 C.F.R. § 1622.43 provides in part:

(a) In Class IV-D shall be placed any registrant:

(1) Who is a regular minister of religion

(2) Who is a duly ordained minister of religion. * * *

Appellee does not cite, and we cannot find, any statutory provision or regulation which requires that a registrant who is a member of the Jehovah's Witnesses sect must be certified as a "Pioneer" by his congregation in order to qualify as a "regular or duly ordained minister."[3] Almost conclusive in this regard is Wiggins v. United States, 261 F.2d 113 (5th Cir.1958), cert. denied, 359 U.S. 942, 79 S.Ct. 723, 3 L.Ed.2d 676 (1959), reh. denied, 359 U.S. 976, 79 S. Ct. 874, 3 L.Ed.2d 843 (1959), in which it was held that there was no basis in fact for the denial of a IV-D classification to a Jehovah's Witness who, like appellant in the present case, was a Book Study Conductor in his congregation, but was not certified as a "Pioneer."

� ▉▉ We do not hold that appellant is entitled to a IV-D classification. In fact, this Court in United States v. Beatty, 350 F.2d 287 (6th Cir.1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 651, 15 L.Ed.2d 541 (1966), affirmed the District Court's holding that a registrant whose ministerial activities were somewhat similar to Tichenor's in both nature and intensity had failed to meet the burden of establishing his right to a IV-D classification. We are aware of the fact that, as appellee has pointed out, "the exemption granted is a narrow one, intended for the leaders of the various religious faiths and not for the members generally. * * *" S.Rep. No. 1268, 80th Cong., 2d Sess. 13 (1948), U.S.Code Cong.Service, 1948, p. 2001. We hold only that the local draft board cannot, solely on the basis that appellant is not certified as a "Pioneer", deny him such a classification, but rather it must determine, on the basis of the evidence before it, whether he is a "regular or duly ordained minister" as defined by 50 U.S.App. § 466(g).

3. Each of the four members of the local draft board who testified (see footnote 1, supra) made reference to a "regulation" or "bulletin" of the Selective Service, but appellee made no attempt to produce such a document at the trial. It is evidently an internal directive and, as such, would not have the status of law in any event.

Proceeding, then, to the second question, the appeal board reviewed Tichenor's classification, pursuant to his request, and changed it from I-A-O to I-O but upheld the denial of his requested IV-D classification. Since it is the duty of the appeal board to consider each case de novo,[4] it has generally been held that where the record before that board contains all the material evidence (as we must presume it did in the present case in the absence of any contrary contention) its affirmance of a registrant's classification does not necessarily constitute approval of the local board's reason for making the classification and will not be presumed to perpetuate errors therein. DeRemer v. United States, 340 F.2d 712, 719 (8th Cir.1965). However, this rule is not inflexible as was pointed out in United States v. Stepler, supra. In that case the registrant, like Tichenor in the present case, had been denied a IV-D classification by his local board on the basis of an erroneous view of law. The Court stated:

> We think it very doubtful, under the circumstances of this case, whether the appeal board corrected this error. We do not suggest that the defendant's file should contain expressions of opinion by the appeal board which are not required by law, but in the circumstances it is wholly uncertain whether the appeal board regarded the local board's * * * [rationale] as not in accord with the law. * * * From this record we cannot tell whether the appeal board accepted the reasons given by the local board. Since the record is so unclear, we can-

not say that the error of the local board was cured on appeal. 258 F.2d at 317.

Although review by the appeal board was not specifically discussed, the same result was reached under similar circumstances in United States v. Kose, 106 F. Supp. 433 (D.Conn.1951). A contrary result was reached, however, in United States v. Chodorski, 240 F.2d 590 (7th Cir.1957), cert. denied, 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858 (1957), and in Swaczyk v. United States, 156 F.2d 17 (1st Cir.1946), cert. denied, 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629 (1946).

In the present case there is nothing in the record which permits us to determine whether the appeal board perpetuated the local board's error of law when it affirmed the latter's denial of the requested IV-D classification. The District Court received no evidence concerning this question and, apparently without explanation, foreclosed appellant's attempt to present any.[5] Furthermore, the question was not discussed in the brief of either party on appeal. Since we are concerned here with a criminal conviction, we cannot under these circumstances hold that the error of the local board was corrected and that the appeal board based its action on independent and proper grounds.

We reverse the conviction, vacate the judgment, and remand the case to the District Court for a new trial with instructions that it permit appellant to attempt to prove that the appeal board did not correct the error of the local draft board.

4. C.F.R. § 1626.26 (Selective Service Regulations); United States v. Pitt, 144 F. 2d 169, 172 (3rd Cir. 1944).

5. The District Court overruled appellant's preliminary motion of October 9, 1967 requesting the Court to enter an order requiring the Director of the State Selective Service Board or the United States of America to furnish the names of the members of the appeal board and to grant a continuance of the case for a reasonable time after compliance with the order to allow subpoenas to be served on those members.