**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Allen GRAY, Defendant-Appellant.**

**No. 18356.**

United States Court of Appeals Sixth Circuit.

Jan. 30, 1969.

James J. Schiller (Court Appointed), Cleveland, Ohio (Marshman & Snyder, Cleveland, Ohio, Elmer A. Giuliani, Cleveland, Ohio, on the brief), for appellant.

Carl H. Miller, Cleveland, Ohio (Bernard J. Stuplinski, U. S. Atty., James L. Oakar, Asst. U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant, a member of Jehovah's Witnesses, appeals from his conviction of violating the Universal Military Training and Service Act, 50 U.S.C. App. §§ 456 and 462. He waived trial by jury and was found guilty by the District Judge, sitting without a jury.

In May 1965 at the age of eighteen appellant registered with Local Board 19, Cleveland, Ohio. In his classification questionnaire he claimed to be (1) a minister of Jehovah's Witnesses, (2) a student preparing for the ministry and also (3) a conscientious objector. He was classified I–O, conscientious objector, by his local board. Subsequently he claimed that he was entitled to a ministerial exemption. After considering all the evidence offered by the appellant at a hearing, the local board by a unanimous decision denied his request for a ministerial exemption and retained his I–O classification. The appellant then appealed this decision to the appeal board and was granted another hearing, this time before the appeal board. The appeal board held by a unanimous vote that he was not entitled to a ministerial exemption.

The local board thereupon ordered appellant to report for work as a conscientious objector at the Lake County Memorial Hospital in Willoughby, Ohio, and he refused to obey this order. He thereupon was indicted, tried, convicted and sentenced to a prison term of three years. The District Judge conducted a thorough trial on the merits and received all the evidence offered by appellant as to his religious and ministerial activities.

Appellant testified as a witness on his own behalf. He stated that he became an ordained minister when he was thirteen years of age. As of October 1966 he described himself as an "assistant to the assistant presiding minister in the congregation," and also as a book study conductor and ministry school servant. He admitted that he has never presided over any marriages or funerals but claimed that he has a right to perform marriage ceremonies in Ohio. He testified that he holds a full time job as welder in a steel fabricating plant and admitted that he refused to obey the Board's order to report for work at Lake County Memorial Hospital.

Upon careful consideration of the entire record, we agree with the District Judge that there is a basis in fact for the classification of conscientious objector which was assigned to appellant by his Selective Service Board. Dickinson v. United States, 346 U.S. 389, 394, 74 S.Ct. 152, 98 L.Ed. 132; 50 U.S.C. App., § 460(b) (3).

The case of United States v. Tichenor, 403 F.2d 986 (6th Cir.) (decided November 21, 1968), is not controlling upon the case before us. In *Tichenor* this Court was concerned with an erroneous view of law taken by the local board. We do not have such a situation in the present case.

Affirmed.