**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Edward Douglas ROSE, Defendant-
Appellant.**

**No. 19516.**

United States Court of Appeals,
Sixth Circuit.

April 20, 1970.

Tyrone Gillespie, Midland, Mich., for defendant-appellant; Gillespie & Riecker, Midland, Mich., on the brief.

Joseph P. Zanglin, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Robert J. Grace, U. S. Atty., Detroit, Mich., on the brief.

Before COMBS and BROOKS *, Circuit Judges, and BROWN **, District Judge.

PER CURIAM.

This is an appeal from defendant-appellant, Edward Douglas Rose's, conviction by a jury for violating the Universal Military Training and Service Act, 50 U.S.C.App. § 462(a). He is a member of Jehovah's Witnesses who was classified as a I–O conscientious objector and ordered to report for civilian employment at Detroit Memorial Hospital. Defendant refused to report contending as he does on this appeal that he is entitled to a IV–D ministerial classification.

■ Three basic issues have been raised by defendant for review. The first question to be considered is whether the variance in the indictment handed down by the grand jury and the amended indictment under which the defendant was convicted was fatal to the conviction. The original indictment read that defend-

ant failed "to comply with an order of his local board to accept employment at Detroit Memorial Hospital. * * * " Just before trial and with the express consent of defendant's counsel, the indictment was amended to read that he failed "to comply with an order of the local board to report to the local board for instructions to proceed to Detroit Memorial Hospital. * * * " Defendant's counsel consented to the change and since the change was in form only and not substance, it is clear that defendant was adequately informed of the nature of the charge against him and in no way was he prejudiced or denied his rights under the Fifth and Sixth Amendments to the Constitution. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959); Dye v. Sacks, 279 F.2d 834 (6th Cir. 1960); Rule 52(a) Federal Rules of Criminal Procedure, 18 U.S.C.A.

Defendant's second major contention is two-fold. First, he maintains that the local board discriminated against persons of his religion and applied an incorrect standard in denying him a ministerial classification. Second, he argues that, although there was a de novo hearing by the state appeal board, it did not correct the prejudicial conduct of the local board or the erroneous standard used by the local board, or at least by its chairman, in denying defendant's request for a ministerial classification.

■ There is no dispute that the local board chairman made certain remarks which indicated his bias against Jehovah's Witnesses. However, while his attitude was unfortunate, in light of the jury's implicit finding of no prejudice in defendant's classification, it cannot be said as a matter of law that one man's bias permeated and controlled the entire board's decision. Whether the action of the local board was a result of prejudice

* The Honorable Henry L. Brooks, then Chief Judge of the United States District Court for the Western District of Kentucky, sat on this case by designation.

** The Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

or discrimination was a question for the jury. Imboden v. United States, 194 F.2d 508 (6th Cir. 1952), cert. denied, 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357; Niznik v. United States, 173 F.2d 328 (6th Cir. 1949).

With respect to defendant's contention that the local board applied an incorrect standard in denying him a ministerial classification, we agree that the standard applied, at least by the chairman of the local board, that the registrant must have graduated from a theological school to qualify for a ministerial classification, is incorrect. See 50 U.S.C. App. § 456(a) and § 466(g). However, without a showing that the state appeal board perpetuated the error made by the local board, the de novo review by the state board presumptively cured the local board's mistake, if in fact the entire board applied the same erroneous standard as did its chairman. Landau v. Allen, 424 F.2d 668 (6th Cir. 1970); United States v. Tichenor, 403 F.2d 986 (6th Cir. 1968); DeRemer v. United States, 340 F.2d 712 (8th Cir. 1965). It may be noted that this case is factually distinguishable from *Tichenor,* supra, because there the appeal board had before it a record which clearly showed that an erroneous standard was applied by the local board to deny the registrant a ministerial classification. The appeal board did not indicate that it recognized that an error had occurred and no mention of the error was made. In the present action there was no evidence in defendant's file that went to the appeal board showing a mistaken standard had been applied. Thus, without something in the record indicating an error was made, the presumption that the appeal board will review anew the entire record of a registrant and apply the correct standard in determining whether to grant a requested classification must prevail.

The final issue raised by defendant is that there were certain procedural irregularities. He complains that his order to report for civilian work was issued by the clerk of the board without

authority, that it did not give him the necessary ten day grace period and that the clerk did not let him see his file. The record in this case shows these contentions are without merit.

The judgment of conviction is affirmed.