**UNITED STATES of America,**
**Appellee,**

v.

**Barry Wayne BITTINGER, Appellant.**

**No. 14620.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1970.

Decided Nov. 9, 1970.

Ronald B. Zedd, Norfolk, Va. (Court-appointed) for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Defendant, a Jehovah's Witness, who claims to be entitled to a ministerial exemption from selective service, was convicted of failing to report for civilian work. He appeals. Because we conclude that his local board erroneously and unlawfully refused to reopen his classification to consider his claim of ministerial exemption, we reverse.

When still a student in high school, defendant registered under selective service and claimed that he was a conscientious objector. In documenting the claim, he informed the board that he was a Jehovah's Witness and that he engaged in the ministry of that faith. He was variously classified as a student and as a conscientious objector. While classified as a conscientious objector, he furnished his board a "Current Information Questionnaire," on December 2, 1968, in which he stated that he was then an "Ordained Minister of Manassas Congregation of Jehovah's Witnesses;" previously, he had reported that he was a student at the ministry school.

The same day the board responded by sending defendant a summary of the provisions of the Military Selective Service

Act of 1967 and the regulations thereunder setting forth the standards of eligibility for a ministerial exemption and advised defendant that he must submit information to establish his eligibility within twenty days. On December 9, 1968, defendant reported that he spent six mornings a week in the field ministry, an unspecified number of evenings conducting bible studies in the homes of persons interested in Jehovah's Witnesses, five public bible study classes per week and attended Theocratic Ministry School one evening per week. He concluded by the statement that he had "a very busy schedule as a Minister of Jehovah God's word * * *."

On January 7, 1969, the board declined to reopen defendant's classification as a conscientious objector.

On March 10, 1969, defendant wrote another letter requesting that his classification of 1–O be "reopened" and that he be classified as a minister. He stated that he had been appointed a Vacation Pioneer, that he was only working part time in lay employment and that this part time work was used to support his ministry. He also said that he would send more evidence to support his claim promptly.

On March 12, 1969, defendant was sent another "Current Information Questionnaire." He returned it, reporting that he was a part time gasoline station attendant and a full time "Minister Manassas Congregation of Jehovah's Witnesses." Again, on April 1, the board declined to reopen defendant's classification.

Finally, on May 28, 1969, defendant wrote to the local board to report that he had accepted employment at the Washington National Airport. He said that the change of employment was occasioned by his dependent father's illness, which prevented his father from working. In this letter, defendant stated that he still pursued the ministry. "I have a quota of 30 hrs. a week or 100 hrs. a month. I also conduct bible studies in the homes of six families." Again, the local board declined to reopen the classification.

The order to report for civilian work, disobedience of which resulted in defendant's conviction, was mailed on August 6, 1969.

The recent decision in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), neither cited nor considered by either party, held that when, before an order to report has issued, a registrant makes nonfrivolous allegations of fact not previously considered by his local board which, if true, would warrant reclassification, the board must reopen the classification and consider it anew, unless the registrant's selective service file contains other data which *conclusively* refutes the new allegations. Even before *Mulloy*, at the time defendant requested reopening, the law in this circuit was that a refusal to reopen could not be arbitrary. See Smith v. United States, 157 F.2d 176, 181 (4 Cir.), cert. denied, 329 U.S. 776, 67 S.Ct. 189, 91 L.Ed. 666 (1946). This requirement was subsequently interpreted to mean that where a registrant presents a prima facie case for a change in classification, the board must have at least a basis in fact for refusing to reopen. See United States v. Grier, 415 F.2d 1098 (4 Cir. 1969).

■■ In the present case, we think that defendant presented a prima facie case for reclassification, based upon new facts not previously asserted. Especially is this so because of defendant's statement that he had a very busy schedule of teaching, ministering, and conducting bible study classes. The only significant facts unfavorable to defendant's claim were his secular job, the fact that Jehovah's witnesses accord the title of minister to a great many of their members, and the fact that his rank in the ministry, that of "Vacation Pioneer," was not one of the highest. But none of these facts could form the basis of a denial of ministerial exemption. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Defendant's status in his church hierarchy may be evidence that he is not a minister as defined by law, but it is not conclusive. Whether a

Vacation Pioneer, or a holder of any other rank, is entitled to a ministerial classification is a matter to be determined largely on the basis of his actual duties and functions. See United States v. Tichenor, 403 F.2d 986 (6 Cir. 1968); Kanas v. Yancey, 385 F.2d 506 (2 Cir., 1967). But see Robertson v. United States, 417 F.2d 440 (5 Cir. 1969). Thus, the information in the board's hands unfavorable to the claim was so slight that the board's failure to reopen was arbitrary.

We do not decide that defendant must be classified as a minister. That is a question for the board upon reopening. We hold simply that it was error to refuse to reopen, and thereby deprive defendant of the opportunity to prove his claim and to take an administrative appeal if his requested reclassification was denied. Consequently, the order to report for civilian work was invalid and defendant's conviction for disobeying it cannot stand.

Reversed.