**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Coleman Herbert DUDLEY, Defendant-
Appellant.**

**No. 20467.**

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 1971.

.J. Patrick Sullivan (court appointed),
Lexington, Ky., for defendant-appellant.

Robert E. Rawlins, Asst. U. S. Atty.,
Lexington, Ky., for plaintiff-appellee;
Eugene E. Siler, Jr., U. S. Atty., Lex-
ington, Ky., on brief.

Before PECK, BROOKS and MIL-
LER, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal by defendant-appel-
lant from his conviction for failure to
report as a conscientious objector for ci-
vilian work at a State Hospital in lieu of
military service. 50 U.S.C. App. § 462.
Defendant is a Jehovah's Witness.

Initially, defendant was classified by
his local board as 1-A. An appeal to
the state appeal board followed and the

appeal board tentatively decided that defendant should be classified 1-O. Because of an error in the administrative procedure, the State Director of Kentucky's Selective Service System returned defendant's file to the local board for reconsideration. The local board upon reconsideration again classified defendant as 1-A. Another appeal followed in which the state appeal board classified defendant 1-O. Throughout the administrative proceedings, defendant claimed to be a regular minister of the Jehovah's Witness faith and requested a 4-D ministerial classification.

█ The first issue raised by defendant on this appeal is that the local board applied an incorrect standard in denying him a ministerial classification and therefore his conviction for failure to report for civilian work under the Universal Military Service Act cannot stand. Reliance is placed on this Court's decision in United States v. Tichenor, 403 F.2d 986 (6th Cir. 1968). Since *Tichenor* this Court has had several occasions to consider the scope and impact of the holding in that case. See United States v. Rose, 424 F.2d 1051 (6th Cir. 1970); United States v. Griffin, 434 F.2d 740 (Decided November 19, 1970). The present case appears to fall squarely within the holding of United States v. Rose, *supra*. Here, as in *Rose*, evidence was adduced at the criminal trial that the local board applied an incorrect standard in denying defendant a ministerial classification. However, this error did not appear in defendant's selective service file when it went for review by the state appeal board. This was also the case in *Rose* and this fact served to distinguish the case from United States v. Tichenor, *supra*. As was stated in *Rose*:

"It may be noted that this case is factually distinguishable from *Tichenor*, supra, because there the appeal board had before it a record which clearly showed that an erroneous standard was applied by the local board to deny the registrant a ministerial classification. The appeal board did not indi-

cate that it recognized that an error had occurred and no mention of the error was made. In the present action there was no evidence in defendant's file that went to the appeal board showing a mistaken standard had been applied. Thus, without something in the record indicating an error was made, the presumption that the appeal board will review anew the entire record of a registrant and apply the correct standard in determining whether to grant a requested classification must prevail."

Accordingly, it is held that defendant's case does not fall within the exception to the curative presumption of *de novo* review by the state appeal board (C.F.R. § 1.1626.26). See also United States v. Griffin, *supra*.

█ Defendant next challenges the District Court's refusal to permit the subpoena of the state appeal board members to ascertain the standard they used in denying his requested ministerial classification. It is obvious that the attempt to subpoena the appeal board members was done in the hope that the testimony they would give would rebut the curative presumption of *de novo* review. Landau v. Allen, 424 F.2d 668 (6th Cir. 1970); United States v. Tichenor, *supra*. The Government maintains, citing Clay v. United States, 397 F.2d 901, 913–915 (5th Cir. 1968), that the subpoena of appeal board members is forbidden. However we need not reach this issue. The defendant's motion for a continuance so that he might subpoena the members of the appeal board was denied because it was not timely made. As the Court noted, defendant had plenty of time to prepare for trial. He declined the appointment of counsel when he appeared before the United States Commissioner on June 3, 1969, and waited some five months thereafter before requesting that counsel be appointed to represent him. And while his counsel was appointed only a few days before his trial date of November 3, 1969, the motion for a continuance was still not made until after the

jury had been selected. A trial judge is vested with wide discretion in ruling upon motions for continuances and his ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. United States v. Miriani, 422 F.2d 150 (6th Cir. 1970), cert. denied, 399 U.S. 910, 90 S.Ct. 2199, 26 L.Ed.2d 561; United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969); United States v. Decker, 304 F.2d 702 (6th Cir. 1962). There was no clear abuse of discretion under the recited circumstances of this case.

The last issue raised by defendant is with respect to his sentence. Upon conviction the District Judge imposed a five year sentence. Defendant has asked that the case be remanded to allow for filing of a motion under Federal Rule of Criminal Procedure No. 35, so that the District Judge may consider suspending sentence and granting probation on condition that defendant perform the exact conscientious objector work under order of the District Court which he refused to perform under order of the selective service board.

This Circuit has long recognized the settled rule that district judges are vested with wide discretion in imposing sentences within statutory limits and the exercise of that discretion will not be disturbed on appeal except upon a plain showing of gross abuse. United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969); United States v. Stubblefield, 408 F.2d 309 (6th Cir. 1969); United States v. Fogarty, 344 F.2d 475 (6th Cir. 1965); United States v. Gargano, 338 F.2d 893 (6th Cir. 1964); United States v. McGuire, 328 F.2d 303 (6th Cir. 1964); Costner v. United States, 271 F.2d 261 (6th Cir. 1959), cert. denied 362 U.S. 952, 80 S.Ct. 866, 4 L.Ed. 2d 870; DeMars v. United States, 254 F.2d 594 (6th Cir. 1958); Livers v. United States, 185 F.2d 807 (6th Cir. 1951); Bozel v. United States, 139 F.2d 153 (6th Cir. 1943), cert. denied 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087, rehearing denied 322 U.S. 768, 64 S.Ct. 1054, 88 L.Ed. 1594; Shaw v. United States, 151 F.2d 967 (6th Cir. 1945).

However, the remand procedure urged by the defendant was followed in the Jehovah's Witness draft violation case of United States v. Daniels, 429 F.2d 1273 (6th Cir. 1970), and repeated in United States v. Griffin, *supra*. Obviously, the laudable purpose of suggesting such procedure was to encourage uniformity in sentencing by the district judges. Some District Judges in this Circuit are following this suggested procedure of sentencing in appropriate cases, others in the exercise of their discretion do not. And since we are bound by the established rule that strictly limits appellate review of imposition of sentences, and since the District Judges in this Circuit are now fully aware, as was the Judge in this case, of the recommended sentencing procedure in appropriate cases involving a Jehovah's Witness convicted of draft violation, no further practical purpose can be served by continuing the practice initiated in United States v. Daniels, *supra*.

The judgment is affirmed.