The **UNITED STATES**, Plaintiff,

v.

Robert **BECKHAM**, Defendant.

Crim. No. 8004.

United States District Court,
W. D. Michigan, S. D.

Aug. 16, 1971.

John P. Milanowski, Dist. Atty., for plaintiff.

James T. Lafferty, Detroit, Mich., for defendant.

## ORDER FOR DISMISSAL

FOX, District Judge.

In this criminal prosecution, the defendant, Robert Beckham, is charged with wilful and knowing failure to perform civilian work duties required of him under the authority of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462.

Defendant, a Jehovah's Witness, has consistently maintained that he is entitled to a IV–D Selective Service classification in that he is a regular minister of his faith. Defendant's local draft board, Michigan Local Board No. 88, denied his request for a IV–D classification and classified him instead I–O as a conscientious objector on August 16, 1968. Defendant was subsequently ordered to report for civilian work at Barrien General Hospital, Barrien Center, Michigan, on April 1, 1970. Upon defendant's failure to so report, the present information was filed on November 16, 1970. Presently before this court is defendant's motion to dismiss that information.

The recent unanimous decision of the United States Supreme Court in Clay v. United States, 400 U.S. 990, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), entirely controls this case and requires that defendant's motion be granted.

■ On August 12, 1968—just four days prior to its action denying defendant a IV–D classification—the local board notified the defendant by letter:

"* * * please be advised, it is *necessary* to submit a copy of your pioneer minister's license. This information is *necessary* in order for you to qualify for a minister's classification." (Emphasis inserted.)

This clear unequivocal statement of the law applicable to defendant's application was plainly erroneous in view of the subsequent ruling of the Sixth Circuit Court of Appeals on November 21, 1968. In United States v. Tichenor, 403 F.2d 986, the court held that status as a regular minister is to be determined de novo by the local board on the facts presented in each individual case and is not conclusively established or defeated by demonstration that the registrant does or does not hold a pioneer license.

Given the adamance, specificity and inflexibility of the local board's letter of August 12, plus the proximity of the

writing of that letter to the denial of the IV–D classification, there exists a substantial probability that the board acted illegally in denying Robert Beckham a IV–D classification merely because of his failure to submit a pioneer license. Defendant's criminal prosecution in this action stemmed directly from that denial. Since no reasons were ever given by the local board for its action, it is impossible for this court to conclude that the board relied on some legitimate ground. Hence, in view of the spectre of the clearly illegitimate ground which the board's letter of August 12 raises, the Clay opinion compels dismissal of this action.

In Clay, supra, the state appeal board, before ruling on the petitioner's application for an I–O conscientious objector classification, sought advice from the Justice Department. The Department's response included three elements of advice, two of which were later conceded by the government and found by the Supreme Court to be "simply wrong as a matter of law." Clay, supra, 91 S.Ct. at 2072. The appeal board then denied the requested I–O classification without explanation. In view of the possibility that the board based its decision on one of the illegal grounds, the court ruled that the petitioner's conviction could not stand.

As the Supreme Court noted in Clay, supra, this ruling is required regardless of whether or not there was a "basis in fact" for deciding that defendant was not entitled to a ministerial draft exemption. The dispositive principle supplied by the Supreme Court in Clay and here applicable, transcends the scope of the "basis in fact" test.

"The issue (whether or not there exists a basis in fact for the board's ruling) is one that need not be resolved in this case. For * * * even if the Government's position is correct, the conviction before us must still be set aside for another quite independent reason." Id., 91 S.Ct. at 2070.

It is, therefore, neither necessary nor appropriate for this court to review at this time the merits of defendant's application for an IV–D classification. Even if a sound factual basis for the classification decision can be shown, where, as here, the possibility of illegal action clouds the unexplained ruling of a draft board so that it is impossible to determine on exactly which grounds that board decided, that ruling must be set aside. Clay, supra, and Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955).

It should go without saying that the central principle here is not confined in relevance to cases involving deferments rather than exemptions, conscientious objector status as opposed to ministerial status. The principle inheres in the dictates of a system of just administration of the criminal law. This principle *"was long ago established as essential to the administration of criminal justice. * * * It is a doctrine that has been consistently and repeatedly followed by the federal courts in dealing with the criminal sanctions of the selective service laws."* (Emphasis inserted.) Clay, supra, 91 S.Ct. at 2072.

Nor can this case be factually distinguished on the grounds that Clay and Sicurella, supra, involved bad advice from the Justice Department, here absent. Indeed, Beckham's case is stronger. We need not here speculate as to what was in the mind of the decision-makers through secondary evidence of stimuli they received by way of advice. Here, the record shows that very shortly before the board rendered its judgment, the board itself revealed a misconception of law, directly and immediately applicable to defendant's case, under which it suffered. Since that judgment did not renounce the shadow of that erroneous legal interpretation and clearly identify proper grounds for its binding pronouncement, it must be stricken.

■ This same principle is applicable to the unexplained review determination of the state appeal board. The letter evidencing the mistaken conception of law on the part of the local board was included in defendant's file and therefore

presumably before the appeal board. Hence, here, as in Tichenor, supra, and in contrast to the circumstances found in United States v. Rose, 424 F.2d 1051 (6th Cir. 1970), and United States v. Dudley, 436 F.2d 1057 (6th Cir. 1971), the curative presumption of de novo review by the appeal board is inoperable. The appeal board failed to identify and disclaim the possible illegal ground of the local board classification; it failed to make clear a legitimate ground for its decision and left still vital the substantial possibility that an erroneous standard of law underlay its decision. Hence, the same possibility of illegality attended the action of the state appeal board as attended the original classification by the local board. Consequently, Clay requires that both actions be overturned.

These circumstances compel this court to direct that the information be dismissed.

It is so ordered.