887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Lennar BROWN, Defendant-Appellant.
 Nos. 88-6412, 89-5657.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges and WENDELL A. MILES, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Edward Lennar Brown appeals his sentence in this prosecution for conspiracy to distribute cocaine and possession with intent to distribute. After careful analysis of all of Brown's assignments of error in these consolidated cases, we conclude that the judgment below should be affirmed.
 
 
 2
 On October 7, 1988 Brown entered into a plea agreement whereby the government would dismiss four counts of the July 1977 indictment in exchange for a guilty plea to two counts charging violation of 21 U.S.C. Secs. 846 and 841(a)(1). On November 28, 1988 a sentencing memorandum was filed and the following day the Court held a sentencing hearing. Brown was sentenced to a term of imprisonment of twelve years on each of the two counts, to be served concurrently, along with a special parole term of three years on count two, and a special assessment of $50 on each count. Brown's requested sentence was also rejected on November 29, 1989.
 
 
 3
 Notice of appeal was filed on December 8, 1988 as to the sentence, which appeal constitutes Case No. 88-6412. Later, on April 11, 1989 Brown filed a Motion for Correction of Presentence Investigation Report, under Rule 32(c)(3)(D), Fed.R.Crim.P.[2] On April 28, 1989 the district court denied this motion, which order is the subject of the appeal in Case No. 88-5657. Both matters have been carefully considered and are discussed below.
 
 
 4
 As to the motion to correct, Brown argues that the district court should have allowed his proposed newly discovered documentation refuting the allegations of Patricia Dodd, one of the government's witnesses at the November 29, 1988 sentencing hearing. Dodd testified that Brown first told her that he had killed a certain R.T. Melton, and then later told her it was not he who committed the murder, but some others. In support of his motion to correct, Brown submitted among other exhibits a Tennessee state court order evidencing a guilty verdict against a certain Stacy Ratcliff for the murder of R.T. Melton. Accordingly, Brown requested that references to any suspected involvement by him in the death of Melton be stricken from the Presentence Investigation Report.
 
 
 5
 At the sentencing hearing, Brown had objected to the inclusion of Dodd's testimony and unsuccessfully sought a continuance to rebut it. He argued that his counsel first saw the report on the evening prior to sentencing and that he was thus unable to adequately prepare to refute the disputed portions. The motion to correct was denied on April 28, 1989.
 
 
 6
 Appellant offered no jurisdictional basis for his motion to correct and indeed he could not. The federal rule of criminal procedure governing sentencing does not grant the lower court jurisdiction to hear post-judgment collateral attacks on sentences for alleged inaccuracies in the presentence report. Rule 32(c)(3)(D), Fed.R.Crim.P., provides as follows:
 
 
 7
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available in the Bureau of Prisons.
 
 
 8
 Nor does case law suggest any cognizable basis for allowance of Brown's motion to correct. First, as this court has unequivocally ruled, Fed.R.Crim.P. 32, standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation. United States v. Sanduy, 838 F.2d 157, 158 (6th Cir.1988), citing United States v. Fischer, 821 F.2d 557, 558 (11th Cir.1987). Further, the procedural history indicates no such grant of a jurisdictional basis; it rather suggests the narrow Congressional intent that a defendant be given the opportunity to comment on the presentence investigation report prior to sentencing. In this case the rule's requirement was satisfied. Although defendant saw the report only on the eve of sentencing, conspicuous by its absence is any assertion by Brown that the report was unavailable at an earlier and more reasonable time. Finally, governing case law from this circuit is replete with support for finding a lack of jurisdictional basis for Brown's motion to correct. E.g., United States v. Graham, 856 F.2d 756 (6th Cir.1988), cert. denied, 109 S.Ct. 1144 (1989); United States v. Stevens, 851 F.2d 140 (6th Cir.1988); United States v. Shackleford, 777 F.2d 1141 (6th Cir.1985), cert. denied, 476 U.S. 1119, 106 S.Ct. 1981 (1986). There should be little doubt but that Brown's remedies in this respect are limited to a direct appeal of his sentence or the avenue provided by a writ of habeas corpus under 28 U.S.C. Sec. 2255. Brown's argument that the claimed inaccuracies in the report will adversely affect his parole opportunities cannot change this conclusion.
 
 
 9
 In any event, in his motion to correct, filed almost four months after the sentencing, Brown asserted that he had evidence proving that it was not he who committed the Melton murder. However, Dodd had not testified that Brown had murdered Melton, only that Brown claimed to have done so, and then changed his story. Thus, the motion to correct cannot be said to undercut the Dodd testimony in a material respect. Furthermore, after hearing the testimony at the sentencing hearing, the court made a finding that Dodd was credible. In short, even assuming a jurisdictional basis, Brown has failed to demonstrate a violation of Rule 32(c)(3)(D) by the court below. The appeal in Case No. 88-5657 is therefore denied.
 
 
 10
 In Brown's direct appeal of his sentence, he challenges the ruling of the sentencing court in several respects. First, Brown claims his fifth and sixth amendment rights were infringed because an FBI agent was allowed to testify concerning an informant without establishing sufficient reliability or credibility. Because rank hearsay was allowed, Brown claims a lack of due process and a violation of his right to confrontation. Federal law is clear, however, that "a judge may consider hearsay information in sentencing a defendant.... Only when the hearsay is so inadequately supported that 'the factual basis for believing [it is] almost nil' can it be argued that the evidence should not have been considered." United States v. Fernandez Vidana, 857 F.2d 673, 675 (9th Cir.1988), citing United States v. Weston, 448 F.2d 626, 633 (9th Cir.1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 748 (1972). In this case the FBI agent's testimony was corroborated by that of Dodd, who had already been sentenced on her federal conviction. Also, Brown testified at the hearing and so could have rebutted the evidence if he had the desire and ability to do so. Finally, in United States v. Reme, 738 F.2d 1156, 1167 (11th Cir.1984), cited by both parties, the court stated that where a defendant claims his due process rights have been violated by the sentencing court's reliance on false information, he must show that the "challenged evidence is materially false or unreliable" and that it actually served as the basis for the sentence. Brown having failed to satisfy this two-pronged test, his argument must be rejected.
 
 
 11
 Defendant further contends that the court below abused its discretion in disallowing a continuance so that a certain Perry Young could be called for cross examination. At the sentencing hearing, FBI Agent Brownell testified that he had interviewed Young, who told about his involvement with Brown in trafficking drugs, which information was included in the presentence report. Dodd's testimony corroborated that of the FBI agent about Brown.
 
 
 12
 In United States v. Cusenza, 749 F.2d 473 (7th Cir.1984), under similar circumstances, the court rejected a due process argument, so ruling because the critical elements of the testimony were the witness' personal observations rather than hearsay and the defendant had an adequate opportunity to offer countervailing evidence. These factors if applied here justify a finding of no abuse of discretion.
 
 
 13
 We must also reject Brown's argument which alleges that the government breached its plea agreement by including in the presentence report references to quantities of drugs and events which were not mentioned in the indictment. The plea agreement contains no such promise by the prosecution, and courts will not "imply as a matter of law a term which the parties themselves did not agree upon." United States v. Benchimol, 471 U.S. 453, 456 (1985). Also, we note that the court below specifically gave Brown the opportunity to withdraw from the plea agreement after revealing what information in the presentence report it would consider. After consulting counsel, Brown elected to carry through with his bargain. He should not be heard to complain of an alleged breach at this late juncture.
 
 
 14
 Error is also assigned to the court's reliance on the veracity of information in the presentence investigation about which Brown raised grave doubts. Specifically, Brown points to information regarding his alleged involvement in the murder of Melton. Defendant cites numerous cases which hold that the defendant is entitled to accurate information in the evidence considered for sentencing purposes. But as the government points out, Dodd's testimony was corroborated by that of Agent Walls and was consistent with the hearsay about Perry Young given by Brownell. Also, the court found Dodd to be credible, following observations of her at separate proceedings. It is likewise relevant that Brown may have been present at the murder of Melton, even if he did not commit the act. Enough indicia of reliability exist in this case to disallow defendant's claimed error in this respect.
 
 
 15
 Finally, defendant challenges the court's use of discretion in imposing a sentence exceeding 41 months, which is claimed to be disproportionate in view of the sentencing guidelines. The standard of review of a sentencing decision is "utmost deference." United States v. McCann, 835 F.2d 1184, 1187 (6th Cir.1987), cert. denied, 108 S.Ct. 2004 (1988). "Gross abuse" must be shown to reverse the court below. United States v. Dudley, 436 F.2d 1057, 1059 (6th Cir.1971). Further, the "sentence itself is insulated from appellate review if within the statutory limits." United States v. Restrepo, 832 F.2d 146, 148 (11th Cir.1987). This standard is satisfied. In fact, Brown could have been sentenced to 30 years. Finally, to the extent defendant's argument is premised on the sentencing guidelines it is unfounded; these do not apply inasmuch as the crimes at issue occurred prior to 1987 and thus were not subject to the guidelines. No reversal is warranted and the decision of the court below is affirmed.
 
 
 
 [1]
 The Honorable Wendell A. Miles, United States Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 Appellant also claims to have filed a Motion to Supplement that motion, on April 25, 1989. However, the record discloses that the supplementary pleading was never filed, and the lower court did not rule on it. Accordingly, this Court has no jurisdiction to review the matter. 28 U.S.C. Sec. 1291