890 F.2d 417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia SHIPP-COLLINS, Defendant-Appellant.
 No. 88-1999.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Patricia Shipp-Collins appeals her four-year sentence for violating 18 U.S.C. Sec. 1708, possession of stolen mail.
 
 I.
 
 2
 On June 30, 1976, appellant Patricia Shipp-Collins was convicted for violating 18 U.S.C. Sec. 1708, possession of stolen mail. Violation of 18 U.S.C. Sec. 1708 carries a maximum sentence of five years imprisonment and a $2000 fine. Appellant failed to appear for sentencing. Shipp-Collins remained a fugitive for twelve years until her arrest on May 26, 1988. Shipp-Collins appeared in district court for sentencing on June 24, 1988.
 
 
 3
 The district court judge read the original probation report and the revised sentencing memorandum prepared by appellant's counsel. Appellant's original presentence report dated August 17, 1976, indicated that Shipp-Collins was addicted to heroin. Appellant advised the court that she no longer used narcotics and obtained a negative urinalysis to support her claim. The district court judge indicated that he would not be influenced by the information in the original presentence report regarding appellant's previous drug addiction. Appellant's counsel noted that appellant's family, friends, and neighbors had come to court to support Shipp-Collins, and social workers from the female offenders' support group ARISE (Accept Responsibility Initiate Self Enhancement) testified that Shipp-Collins had accepted responsibility for her past criminal behavior and had initiated self-enhancement.
 
 
 4
 Appellant admitted that she had made mistakes that she now regretted. Shipp-Collins assured the court that she could be a productive part of society if given consideration by the judge. Shipp-Collins indicated that she currently held a job, raised her son, attended church, served as a den mother for the scouts, supported a youth football team, and lived free of her earlier drug addiction. Nevertheless, noting that appellant's prior convictions included possession of stolen mail, assault with the intent to rob, and attempted armed robbery, the district court judge sentenced Shipp-Collins to four years imprisonment. The judge considered the fact that twelve years had passed since appellant's conviction, but nevertheless sentenced Shipp-Collins to the prison term that he said he would have sentenced her to twelve years earlier. The judge considered the changes in the appellant's life which had occurred in the twelve year interim between Shipp-Collins' conviction and sentencing, but deemed Shipp-Collins' twelve years in hiding as "serious" and "troubling."
 
 
 5
 This timely appeal followed.
 
 II.
 
 6
 Appellant's sole issue on appeal is whether the district court properly exercised its discretion when it imposed appellant's sentence. Specifically, appellant alleges that the district court failed to exercise its discretion by refusing to consider appellant's "good behavior" during the twelve years that she remained a fugitive.
 
 
 7
 "An appellate court's review of a sentencing court's decision is characterized by utmost deference." United States v. McCann, 835 F.2d 1184, 1187 (6th Cir.1987), cert. denied, 108 S.Ct. 2004 (1988). "[I]t is not normally the role of an appellate court to second-guess the trial judge's determination of an appropriate sentence." Id. If the sentence imposed is within statutory limits, it is generally not subject to review. United States v. Tucker, 404 U.S. 443, 447 (1972).
 
 
 8
 Although a clearly erroneous standard applies when reviewing the factual findings underlying a trial court's sentencing determination, United States v. Duque, 883 F.2d 43, 45 (6th Cir.1989), the Sixth Circuit "has long recognized the settled rule that district [court] judges are vested with wide discretion in imposing sentences within statutory limits and the exercise of that discretion will not be disturbed on appeal except upon a plain showing of gross abuse." United States v. Miller, 870 F.2d 1067, 1073 (6th Cir.1989) (quoting United States v. Dudley, 436 F.2d 1057, 1059 (6th Cir.1971)). As the Supreme Court observed in Solem v. Helm, 463 U.S. 277 (1983), "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Id. at 289-90 (quoting Rummel v. Estelle, 445 U.S. 263, 272 (1980)).
 
 
 9
 However, limited exceptions to this unreviewability rule exist. "There are basically two exceptions to the unreviewability rule: (1) reliance upon erroneous or improper factors or information in sentencing so as to amount to a gross abuse of discretion; and (2) failure to evaluate the sentencing information submitted, or total failure to exercise discretion." United States v. Barbara, 683 F.2d 164, 166 (1982). Appellant argues that the district court's refusal to consider the changes in her character and lifestyle during the twelve-year interim between her conviction and her sentencing demonstrates a "failure to evaluate the sentencing information submitted" or a "total failure to exercise discretion" pursuant to Barbara. Appellant's argument, however, fails because the district court record indicates that the court evaluated all the testimonial and documentary evidence that Shipp-Collins presented.
 
 
 10
 The judge noted that he had received a corrected version of the presentence report which included additions suggested by the appellant. The district court judge also indicated that he had read Shipp-Collins' sentencing memorandum and her attached letters. Appellant's counsel presented allocution for the appellant. The judge listened to a presentation by a representative of ARISE, and the appellant personally addressed the court. Furthermore, before rendering his verdict, the district court judge explained that he had given the matter serious consideration:
 
 
 11
 I've had the benefit of a full and complete probation report, as well as many letters from friends, and the sentencing memorandum. This is a serious offense and I'm troubled by it.
 
 
 12
 Ms. Collins was found guilty by a jury in 1976. She did not appear for sentencing, and remained away from custody, and away from authorities for some twelve years.
 
 
 13
 Prior to that time, however, she had had a serious criminal record, a conviction in federal court, Possession of Stolen Mail, a conviction of Assault with Intent to Rob, Attempt Robbery Armed, a conviction in the state prison.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 I thought long and hard about this, I went to a sentencing council with this case. And it appears to me that [for] twelve years Ms. Collins did not appear, did not voluntarily appear. She was apparently just picked up twelve years later.
 
 
 17
 And that long, of course, is the fact that's to be considered. But I'm not going to consider that. I'm going to give the sentence that I would have given based on this probation report [had] I sentenced her on September 19, '76.
 
 
 18
 Appellant's contention that the district court failed to consider the twelve year interim between her conviction and her sentencing is, therefore, without merit. The judge considered the twelve year absence and concluded that appellant's years as a fugitive would not adversely affect her sentence though she failed to voluntarily surrender during the twelve years. Furthermore, appellant's contention that the district court relied solely on an erroneous and noncurrent presentence report is also without merit. The district court used an amended presentence report and gave defense counsel an opportunity to address the court regarding any alleged errors or omissions. Because the district court judge "thought long and hard" about all the sentencing information presented to him before sentencing the appellant to the term he would have imposed twelve years earlier, this court holds that the district court did not grossly abuse its discretion by sentencing the appellant to a term within the statutory limits.
 
 
 19
 The Federal Sentencing Guidelines, though not directly applicable to the instant action, see Miller v. Florida, 482 U.S. 423 (1987), support this finding. The Commentary following Sec. 3E1.1 of the Guidelines, entitled Acceptance of Responsibility, states (emphasis added):
 
 
 20
 The reduction of sentence available under Sec. 3E2.1 recognizes a number of societal interests. The defendant who affirmatively accepts personal responsibility for the offense, who takes affirmative steps to dissociate himself from criminal conduct, and who attempts to rectify the harm caused by the conduct may be entitled to receive recognition for these socially desirable actions. In determining whether the defendant qualifies for this provision, the timeliness of the defendant's conduct in manifesting an acceptance of responsibility for the offense is particularly important. Other appropriate considerations include, but are not limited to, the following:
 
 
 21
 (4) voluntary surrender to authorities before charges are filed or an arrest warrant is executed.
 
 
 22
 The Commentary following Sec. 3E1.1 notes that "[t]he sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless without foundation." The Commentary concludes: "Conversely, a defendant who perjures himself, suborns perjury or otherwise obstructs the trial or the administration of justice, cf. Sec. 3E1.1, is not entitled to an adjustment for acceptance of responsibility." Furthermore, section 5H1.6 of the Guidelines provides that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines."
 
 
 23
 The Federal Sentencing Guidelines therefore support the conclusion that the district court did not grossly abuse its discretion by sentencing the appellant to a prison term within the statutory limits. For the foregoing reasons, Shipp-Collins' four-year sentence is AFFIRMED.