**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor STUBBLEFIELD, Defendant-
Appellant.**

**No. 18735.**

United States Court of Appeals
Sixth Circuit.

March 20, 1969.

Richard P. Moloney, Jr., court appointed, Lexington, Ky., for appellant.

James F. Cook, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before WEICK, Chief Judge, O'SULLIVAN and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is a direct appeal from a judgment entered on a jury verdict finding appellant guilty of kidnapping. He was sentenced to twenty-five years imprisonment, as was a co-defendant, Willis, who pleaded guilty. Another co-defendant received a fifteen year sentence from a different judge who had earlier accepted his plea of guilty to the same offense.

Two issues are presented for our consideration. The first concerns the propriety of admitting evidence about a jailbreak by defendants when the indictment did not charge that offense. The second requires us to determine whether the trial judge abused his discretion in imposing a twenty-five year sentence on appellant after another judge of the same district had imposed a fifteen year sentence on a co-defendant.

On the morning of October 4, 1966, the three co-defendants escaped from their cells in the Franklin County, Kentucky jail and overpowered and bound some of the guards. In the course of the escape, a prison officer was stabbed and his pistol was stolen. After leaving the premises, the escapees encountered a dentist who was leaving church where he had been attending mass, after having transported his son and a neighbor's daughter to the adjacent parochial school. Stubblefield and his companions forcibly entered the dentist's automobile and at knife-point compelled· him to drive them to Indianapolis, Indiana. Appellant occupied the back seat of the vehicle and menaced the dentist with the pistol which had been stolen from the guard. During the course of the journey, the kidnappers talked about their escapade and appellant remarked that he had to "stick Penn (the deputy sheriff) a little."

The three defendants were apprehended by Michigan State Police officers near Jackson, Michigan on October 5. A search of their automobile produced a loaded pistol which had been stolen from the deputy sheriff.

The foregoing facts were testified to without contradiction at appellant's trial. Stubblefield admitted the jailbreak, theft of the revolver, and the assault on Penn, although he said, instead of a knife, he employed a "piece of a scissors" and "may have stuck him or cut him maybe a half an inch."

Consideration of the first issue presented on appeal convinces us that no error was committed in the receipt of this evidence of the jailbreak. In Loux v. United States, 389 F.2d 911 (9th Cir. 1968), it was held that introduction of evidence of an escape from prison was not error in a prosecution for kidnapping where evidence of the escape tended to establish a common plan and motive for the kidnappers. In the instant case, the evidence of the jailbreak served similar purposes. Moreover, the jailbreak and abduction of Dr. Bunker were continuous parts of an uninterrupted course of action. The limited purpose of this evidence was conveyed to the jury when it was instructed that appellant was being tried for kidnapping and not for escaping from jail or for any other offenses which may have been committed prior to the time of the offense charged in the indictment.

The second issue concerns the disparity between the 25 year sentence pronounced for Stubblefield and the 15 year sentence pronounced for the co-defendant who pleaded guilty to the same indictment before another judge.

Disparity in sentences has received considerable attention from judges and penologists. See Rubin, Disparity and Equality of Sentences, 40 F.R.D. 55 (1966). A related and equally debated topic concerns the power of appellate courts to consider appeals prosecuted solely because an appellant feels aggrieved by the sentence he received. See Appellate Review of Sentences, 32 F.R.D. 249 (1963) and Brewster, Appellate Review of Sentences, 40 F.R.D. 79 (1966).

The rule in this circuit is enunciated in Livers v. United States, 185 F. 2d 807 (6th Cir. 1950), where a violent kidnapper who had assaulted the victim before releasing him received a seventy-

five year sentence. This court said, on appeal:

> The function of the United States District Courts is to impose, in the exercise of their discretion within the limits of the federal statutes, just and lawful punishment for the violations of federal law. In the enactment of our national laws against crime, the Congress has vested United States District Judges with wide discretion in assessing punishment within the limits of the various federal statutes. The exercise of that discretion will not be disturbed on appeal, except upon a plain showing of gross abuse. In the instant matter, the district judge clearly did not abuse his discretion; but, on the contrary, exhibited a sound and just exercise of his judicial power. His judgment is accordingly upheld; and an order of affirmance will be entered.

In the case before us, we also consider the appeal of a violent kidnapper who received a twenty-five year sentence—one clearly within the permissible limits of "any term of years or for life," 18 U.S.C. § 1201. We find no abuse of discretion in the sentence imposed.

On the issue of disparity, we find appellant's authorities inapposite. In Marano v. United States, 374 F.2d 583 (1st Cir. 1967), appellant's original sentence was increased following retrial and conviction. On appeal, the increased sentence was vacated because the trial court had given substantial consideration to legally impermissible factors in imposing it. In United States v. Wiley, 267 F.2d 453 (7th Cir. 1959) and 278 F.2d 500 (7th Cir. 1960), a disparately severe sentence for a minor defendant was vacated because it was based on the ground that the defendant had asked for a trial.

In this case, the defendant who received the fifteen year sentence was sentenced by another judge and there is nothing to indicate that the guilty plea was a factor in that judge's disposition. The District Judge who sentenced appellant took into consideration Stubble-field's prior record which included several convictions for breaking and entering and one for escaping jail. He also considered the viciousness of appellant's conduct in the instant offense. We find no abuse of discretion and the judgment is affirmed.