**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry William DANIELS, Jr., Defendant-Appellant.**

**No. 20099.**

United States Court of Appeals, Sixth Circuit.

July 30, 1970.

Richard R. Slukich (Court Appointed), Covington, Ky., for appellant.

William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant is a member of Jehovah's Witnesses who was granted conscientious objector status by his Selective Service Board. He was convicted after jury trial before the United States District Court for the Eastern District of Kentucky of willfully and knowingly failing to report to his local board for instructions to proceed to the Central State Hospital at Anchorage, Kentucky, for employment as a conscientious objector, in violation of 50 App. U.S.C. § 462 (Supp. IV, 1965–69).

He was sentenced to five years in the federal penitentiary. On appeal appellant claims error in introduction of his Selective Service file on the ground that the witness who identified it did not have personal knowledge of its contents. He also disputes the venue of the United States District Court which tried him because the hospital to which he was to be assigned to work at Anchorage, Kentucky, was located in the Western rather than the Eastern District of Kentucky.

■ The Selective Service file pertaining to appellant was admitted under the Federal Business Records Act, 28 U.S.C. § 1732 (1964). It was produced in court, identified as having been made in the normal course of business, and authenticated by the executive secretary for the Selective Service area concerned. These are the requirements under the Federal Business Records Act. Bridger v. Union Ry., 355 F.2d 382, 391–392 (6th Cir. 1966).

■ There is, of course, no doubt that appellant's Selective Service Board was located in the Eastern District of Kentucky. He was charged with failing to report to that Board for instructions.

Thus, the failure to report occurred in the Eastern District of Kentucky, as charged in the indictment. See Johnston v. United States, 351 U.S. 215, 221–222, 76 S.Ct. 739, 100 L.Ed. 1097 (1956).

We find no error in the conduct of this trial and the judgment of conviction is affirmed.

■ We are, however, greatly concerned by the severity of the sentence in this case. Jehovah's Witnesses cases such as this are common in this circuit. In the Western District of Michigan and the Northern District of Ohio District Judges have been sentencing in these cases, and then suspending sentence in order to place the defendant on probation, subject to his actual performance of the identical conscientious objector work which he had refused to perform on the order of the Selective Service Board. We take judicial notice that Jehovah's Witnesses are responding to court orders to perform the identical conscientious objector work which they will not perform in response to a Selective Service Board order. At appellate hearing the court was assured by appellant's counsel that appellant would obey any such order entered by the District Court.

■ This case is remanded to the District Court to allow for the filing of a motion under Rule 35 for review of this sentence so that the District Judge may consider suspending sentence and granting probation on condition that defendant perform the exact conscientious objector work under orders of the District Court which he had refused to perform under orders of the Selective Service Board. See United States v. West Coast News Co., Inc., 357 F.2d 855, 865 (6th Cir. 1966), rev'd on other grounds sub nom., Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967); United States v. Moody, 371 F. 2d 688, 693–694 (6th Cir.), cert. denied, 386 U.S. 1003, 87 S.Ct. 1347, 18 L.Ed.2d 432 (1967).