**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry William DANIELS, Jr., Defendant-Appellant.**

**No. 71–1136.**

United States Court of Appeals,
Sixth Circuit.

Aug. 3, 1971.

Rehearing En Banc Denied
Aug. 18, 1971.

Richard R. Slukich, Covington, Ky. (Court appointed), for defendant-appellant.

J. T. Frankenberger, Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is the second time this case has come before this Court. In July, 1970, we affirmed the conviction of Appellant —a member of the Jehovah's witness faith and a conscientious objector—for failing to comply with an order of his local selective service board to report to said board for instructions to commence with civilian employment, as alternate service, in violation of 50 U.S.C. App. § 462. United States v. Daniels, 429 F.2d 1273 (6th Cir. 1970). In affirming Appellant's conviction, however, we remanded this cause to the District Court to permit reconsideration of the five year sentence of imprisonment which the District Court imposed·upon the Appellant. United States v. Daniels, *supra* at 1273.

Our remand order was based in large part on the peculiar facts of the instant case: Appellant is a young man whose sole motivation for refusing to obey an order of his local selective service board was a devout adherence to his religious beliefs.[1] Further, he is of "good character"[2] and apparently stood willing at all times to comply with a judicial order to present himself for civilian em-

---

1. This fact was conceded by Government counsel in oral argument before our Court, and, in any event, is implicit in the language used by the District Court in its initial sentencing of Appellant.

2. The District Court stated that the pre-sentence report revealed that the Appellant was "a very competent and well-behaved person and a good citizen" and "of apparent model behavior." Moreover, the District Court agreed with Appellant's counsel's observations that Appellant had "proved himself to be an utmost sincere and conscientious and very honest individual * * * [with] an "excellent" record in his "high school" and "community."

ployment as required by federal law.[3] And finally, other young men in different districts within our jurisdiction were not being disciplined by imprisonment for their religious beliefs so long as they were willing to comply with a judicial order to do the exact conscientious objector work which they had refused to perform when ordered by the local draft board. United States v. Daniels, *supra*. *See* United States v. Griffin, 434 F.2d 740, 742 (6th Cir. 1970). *Cf.* United States v. Dudley, 436 F.2d 1057 (6th Cir. 1971).

Upon remand, the District Court refused to reduce or suspend its original five year sentence of Appellant. Indeed, the trial court judge observed that for the over thirty years that he had been on the federal bench he has "felt that in cases of this kind [a refusal to obey an order of a local draft board] that * * [those who violate that order] deserve a five year sentence; and I think almost without exception I have given a five year sentence * * *."[4] In so holding, the District Court noted that the law Appellant violated "strikes at the very foundation and fundamentals * * * of our whole governmental system." Finally, the District Court indicated that it was "qualified by experience, temperament [and] knowledge of law * * * in giving this sentence [of five years]" and that the Court used such experience and the record of this case in determining the challenged sentence. This appeal followed.[5]

The sole issue on appeal is whether the District Court properly discharged its duty to impose an appropriate sentence. Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959). *See* Livers v. United States, 185 F.2d 807, 809 (6th Cir. 1950).

Before focusing our attention on the appropriateness of the instant sentence, we must consider the substantial body of federal precedents governing the scope of appellate review of sentences. In general, the severity or duration of punishment imposed by a trial court is not subject to modification where the sentence imposed is within the requisite legislative limits. Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 305, 52 S. Ct. 180, 76 L.Ed. 306 (1932). The process of sentencing an offender, however, is not wholly immunized from judicial review solely because the sentence imposed upon the offender falls somewhere within certain statutory limits. Williams v. Oklahoma, 358 U.S. 576, 79 S. Ct. 421, 3 L.Ed.2d 516 (1959); Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). See Scott v. United

---

3. Prior to trial, Appellant's attorney fully informed the District Court and Government counsel that Appellant's religious beliefs precluded him from obeying an order of a local selective service board, but that Appellant would in all probability comply with a judicial order to do the exact same work required by law. Government counsel conceded on oral argument that he understood that Appellant would accept a judicial order to do civilian employment on probation.

4. At oral argument, counsel for the United States stated, "Your Honor[s], I have never seen a sentence in a Selective Service case of less than five years, in the Eastern District of Kentucky."

5. Prior to oral argument in this second appeal, this Court requested that the District Court transmit, under seal, the

pre-sentence report upon which the District Court may have relied in sentencing Appellant. The District Court refused. While we seriously question the right of a lower court judge to restrict the "supervisory control of the District Courts by the Courts of Appeals [where such control] is necessary to proper judicial administration in the federal system." La Buy v. Howes Leather Co., 352 U.S. 249, 259–260, 77 S.Ct. 309, 315, 1 L.Ed.2d 290 (1957), a review of the record in this case reveals that the District Court obviated the necessity for such a report by its extended remarks about Appellant's background and character. *See* Note 2. Hence, there is no need to rule on whether we may compel a District Court to forward, under seal, pre-sentence reports where we believe them to be necessary for proper appellate review.

States, 136 U.S.App.D.C. 377, 419 F.2d 264, 266–267 (1969).

In Townsend v. Burke, *supra,* the United States Supreme Court held that an appellate court may scrutinize the sentencing process to insure that the trial judge has based his decision on reliable information.

In Williams v. New York, *supra,* decided only months after Townsend v. Burke, the United States Supreme Court praised the modern penological philosophy of "individualizing sentences" and discussed the twin responsibility of the trial judge with regard to a criminal offender: first, to possess the fullest possible information about an offender; and second, to select a sentence based upon those factors appropriate to the "important goals of criminal jurisprudence." In so doing, the Court stated:

"A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. * * *

"Undoubtedly the New York statutes emphasize a prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime. People v. Johnson, 252 N.Y. 387, 392, 169 N.E. 619, [621]. The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." 337 U.S. at 247, 69 S.Ct. at 1083.

And in Williams v. Oklahoma, *supra,* the United States Supreme Court, further explained the breadth of appropriate judicial review of the sentencing process in a case involving the sentenc-

ing of a kidnapper who had shot and killed his victim. It held:

"In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime." 358 U.S. at 585, 79 S.Ct. at 427.

█ The above Supreme Court precedents establish that while the District Court is permitted broad latitude in discharging its "duty to impos[e] a proper sentence," the exercise of the District Court's discretion will be subject to appellate scrutiny under limited circumstances, such as: the reliance by the sentencing court on improper factors or the failure of the sentencing court to "evaluat[e] the available information in light of the facts relevant to sentencing." Scott v. United States, *supra,* 419 F. 2d at 266.

This Court has fashioned similar standards for the appellate review of the substantive aspects of the trial court's sentencing procedures. In general, we have permitted the trial judge broad discretion in sentencing a criminal defendant without specific regard to the severity of the sentence imposed so long as the sentence was within the permissible statutory range. United States v. Dudley, 436 F.2d 1057 (6th Cir. 1971); United States v. Jackson, 422 F.2d 975, 978 (6th Cir. 1970); Costner v. United States, 271 F.2d 261, 263 (6th Cir. 1959). *But see* United States v. Daniels, 429 F.2d 1273 (6th Cir. 1970); United States v. Griffin, 434 F.2d 740, 742 (6th Cir. 1970).

On the other hand, we and other courts have approved of remanding for resentencing in cases where it appeared that a trial judge had improperly considered certain factors in sentencing, *see* United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969); United States v. Stubblefield, 408 F.2d 309 (6th Cir. 1969); Marano v. United States, 374 F.2d 583 (1st Cir. 1967); improperly relied upon

certain false information, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Smith v. United States, 223 F.2d 750 (5th Cir. 1955), or grossly abused his discretion by failing to evaluate the relevant information before him with due regard for the factors appropriate to sentencing. Yates v. United States, 356 U.S. 363, 366–367, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); United States v. McKinney, 427 F.2d 449, 455 (6th Cir. 1970); United States v. West Coast News Co., 357 F.2d 855, 865 (6th Cir. 1966) reversed on other grounds sub nom., Aday v. United States, 388 U. S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967); United States v. Moody, 371 F. 2d 688, 693–94 (6th Cir. 1967); United States v. Wiley, 278 F.2d 500, 503 (7th Cir. 1960); *see* Livers v. United States, 185 F.2d 807, 809 (6th Cir. 1950).

■ Applying the above stated principles to the facts of this case we are gravely concerned—in at least three respects—about the manner in which the District Court exercised its discretion in discharging its duty to impose an appropriate sentence.

First, we are seriously perturbed about the trial judge's avowal that since 1938 or 1939, his court has—to the best of his memory—sentenced to five years in the penitentiary every young man who has refused to obey an order of a draft board. That statement, taken along with the observations of the United States attorney at oral argument,[6] suggests a general practice in at least one federal district in Kentucky of imposing a sentence without particular reference to the circumstances surrounding the commission of the crime or of the background of the criminal defendant.

A trial court which fashions an inflexible practice in sentencing contradicts the judicially approved policy in favor of "individualizing sentences." Williams v. New York, 337 U.S. at 248, 69 S.Ct. 1079. Moreover, such an inflexible sentencing practice is incompatible with the United States Supreme Court's declaration in Williams v. Oklahoma, 358 U.S. at 585, 79 S.Ct. at 427 that:

"Necessarily, the exercise of a sound discretion in such a case required consideration of all the circumstances of the crime for '[t]he belief no longer prevails that every offense in a like legal category calls for an identical punishment [without regard to the past life and habits of a particular offender]' Williams v. [State of] New York, supra [337 U.S.] at [page] 247, 69 S.Ct. at [page] 1083. In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime."

We are unable to understand how the trial judge could have fairly considered all of the circumstances surrounding the commission of the crime and the past life and habits of the Appellant that he is obliged to consider and impose the identical punishment he has been handing down for thirty years in "cases of this kind." Williams v. Oklahoma, *supra*, Williams v. New York, *supra*.

Second, the District Court may not wholly justify its seemingly mechanical imposition of five year sentences on all those who violate the provisions of 50 U.S.C. App. § 462, by stating that ·the law violated is "a very serious law that strikes at the very foundations and fundamentals * * * of our whole governmental system." The United States Congress has expressly provided that offenders of 50 U.S.C. App. § 462 shall upon conviction "be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment. * * , * " The United States Congress did not provide that every violation of 50 U.S.C. App. § 462 shall be punishable by a term of imprisonment of no less than five years. Hence, 50 U.S.C. App. § 462 is an express legislative sanction of the practice of meting out sentences substantially less than five years in prison

6. *See* note 4.

for wilful and knowing refusals to obey an order of a local selective service board in situations where there are appropriate mitigating circumstances.

In the instant case, the Appellant is conceded to have been motivated to commit the offense charged solely in order to adhere to his religious beliefs. He was found to be of "good character" and of "apparent model behavior." The crime he committed was not an act of violence. It did not invade the privacy of others or endanger the property or person of others. The Appellant was willing to serve his country in a civilian capacity if required to do so under judicial orders. We believe that under the mitigating circumstances present here the District Court's mechanical sentencing of the Appellant to five years in the penitentiary defies the United States Congress' implied legislative will to impose a lesser sentence where appropriate.

Third, we are disturbed by the District Court's failure to conceive of the sentencing procedure in terms of the modern penological philosophy praised by the United States Supreme Court in Williams v. New York, *supra*. In Williams v. New York, *supra* at 248 n13, 69 S.Ct. 1079, the United States Supreme Court cited with approval certain basic considerations to be used in determining an appropriate sentence: (a) the reformation of the offender, (b) the protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses.

The imprisonment of Appellant can hardly be deemed helpful in reforming a young man of concededly "good character" and "model behaviour." Imprisonment cannot serve as protection for society because the immediate release of Appellant poses no risk to society's safety. Moreover, disciplining or punishing the Appellant by imprisonment would seem to be an inappropriate rationale for sentencing where, as here, a young man has devoutly adhered to his religious beliefs without impeding the rights of others. Finally, under the limited factual circumstances of this case, the issuance of an order probating the Appellant subject to his performance of the identical work demanded of him by the Selective Service is not the kind of sentencing which would induce widespread disobedience of the orders of local Selective Service boards. *Cf.* Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). In summary, there is no evidence in the record that the District Court evaluated the information in the record in the light of any of the basic factors relevant to the sentencing of a criminal offender.

In our judgment, the District Court pursuant to our first remand of this case failed to exercise its sound discretion, but instead sought merely to justify its original sentence which it had been imposing as a "minimum" sentence in similar cases for over thirty years. Yates v. United States, 356 U.S. 363, 366–367, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958). We find that under the circumstances of this case the District Court plainly failed to discharge its duty to impose a proper sentence when it sentenced Appellant to five years in the penitentiary.

This case is remanded with instructions to enter the following order:

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED the imposition of sentence is hereby suspended and the defendant is placed on probation for a period of Twenty-five (25) months,

"IT IS FURTHER ORDERED that during the twenty-five month period of probation the defendant shall perform civilian work contributing to the maintenance of the national health, safety or interest for a period of twenty-four (24) consecutive months less the time already served in confinement as determined by the Probation Department.

"IT IS FURTHER ORDERED that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and

observe such conditions of probation as the Court may prescribe. Otherwise the defendant may be brought before the Court for violation of the Court's orders."

So ordered.

Before PHILLIPS, Chief Judge, and WEICK, EDWARDS, CELEBREZZE, PECK, McCREE, BROOKS, MILLER and KENT, Circuit Judges.

### ORDER

Pursuant to Rule 3(b), Rules of the United States Court of Appeals for the Sixth Circuit, a suggestion for a rehearing in banc has been made by a Judge of this Court in active service on his own motion.

Upon due consideration, less than a majority of the Judges of this Court who are in regular active service having favored ordering consideration in banc,

It is ordered that rehearing in banc be, and it is hereby denied.

It is further ordered that the mandate heretofore stayed be issued forthwith.