UNITED STATES of America,
Plaintiff-Appellee,

v.

Philip William McKINNEY, Defendant-
Appellant.

No. 72–1480.

United States Court of Appeals,
Sixth Circuit.

June 15, 1972.

Bertrand B. Pogrebin, Rains, Pogrebin & Scher, Mineola, N. Y., Jack D. Young, Portsmouth, Ohio, for defendant-appellant.

Eugene E. Siler, U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

## ORDER.

We are now required to consider the third appeal of this case. In the first appeal, we affirmed the judgment of conviction but remanded for reconsideration of the maximum sentence of five years imposed on the defendant upon his conviction for refusing to be inducted into the armed forces. The reason for the remand was our finding that the sentence imposed was excessive. United States v. McKinney, 427 F.2d 449 (6th Cir. 1970). Upon the remand, the District Judge adhered to his sentence and the defendant again appealed therefrom to this Court. The District Court denied bail pending appeal. Upon consideration of the arguments and briefs in the second appeal, we were still of the view that the sentence was excessive and we remanded again for reconsideration of the sentence in the light of United States v. Daniels, 446 F.2d 967 (6th Cir. 1971). United States v. McKinney, 466 F.2d 1403 (6th Cir.). Upon the second remand, the District Judge for the second time, refused to reduce the sentence and the defendant appealed. He has been serving his sentence in prison since June 15, 1971.

It is our opinion that the five-year sentence imposed in accordance with the practice of the District Judge was not an individualized sentence, as required by Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The Court also took into account that defendant was responsible for delaying his induction in the Induction Center, and for delaying his trial and imprisonment by filing Motions and taking an appeal. Furthermore, the District Court seemed to resent our remanding for reconsideration of the sentence. A goodly portion of his remarks on the remands were devoted to a discussion of appellate review of sentences. It was the thesis of the District Court in effect, that he had absolute, uncontrollable and unreviewable discretion to impose any sentence he saw fit to impose so long as it did not exceed the statutory limit, and that an appellate court had no jurisdiction to do anything about it. He even mentioned that the heavier sentences imposed in his district brought fewer cases of Selective Service violation into court than in other districts in the Circuit where lighter sentences were imposed.

It is a well known fact that disparity in sentencing causes considerable resentment among prison inmates and it is made worse when the disparity exists in the same Circuit.

The defendant is a young married man with an infant son. He has no criminal record. His good reputation in the community where he resides was attested to by a number of persons and was uncontroverted.

Our problems with the sentencing procedures of the District Court for the Eastern District of Kentucky were again succinctly stated in the recent case of United States v. Charles, 460 F.2d 1093 (6th Cir. dec. May 26, 1972). In remanding for reconsideration of the maximum sentence imposed in that case, we said:

"Yet, as we have had occasion to point out in the past, the Courts in one Dis-

trict within this Circuit have persistently disregarded this individual sentencing approach with respect to one category of offenses—violations of the Selective Service laws. With very rare exceptions, the judges in the Eastern District of Kentucky have consistently meted out five year prison sentences to draft offenders regardless of the circumstances of the particular offender. We have had occasion to criticize this practice in the past. United States v. Daniels, 429 F.2d 1273 (6th Cir. 1970); United States v. Daniels, 446 F.2d 967 (6th Cir. 1971); United States v. McKinney, 427 F.2d 449 (6th Cir. 1970); United States v. McKinney, 466 F.2d 1403 (6th Cir. #71–1563, decided December 17, 1971); we have not changed our policy on this matter."

The maximum sentence imposed by the District Judge in the present case and his persistent adherence thereto and refusal to change the same in the two remands constituted a gross abuse of discretion as well as a violation of our mandates.

And now coming to render the judgment which the District Court should have rendered, it is ordered, adjudged and decreed that the five-year sentence imposed by the District Court be modified and reduced to one year, and as soon as defendant has served one year under the original sentence as modified, allowing credit for statutory allowances, it is ordered that he shall be forthwith released from custody.

Entered by Order of the Court.