**George NOE, Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee.**

No. 72-1382.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 1972.

William H. Allison, Jr., Louisville, Ky., for defendant-appellant; Ellen Mosen James, Louisville, Ky., on brief.

Eldon L. Webb, Asst. U. S. Atty., for appellee; Eugene E. Siler, Jr., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

George William Noe was indicted on a charge of refusing to submit to induction into the armed forces of the United States in violation of 50 App. U.S.C. § 462(a). He waived trial by jury. The District Court found him guilty, denied his request for probation and sentenced him to the maximum of five years imprisonment.[1]

We reverse.

Noe registered with Local Board 28, Garrard County, Lancaster, Kentucky, on April 27, 1968. He was classified II-S (student deferment) until August 27, 1968. At that time he was reclassified II-A (occupational deferment) as a lecturer in physics at the University of Kentucky. This classification was supported by the following letter from the Chairman of the Physics Department of the University.

UNIVERSITY OF KENTUCKY
LEXINGTON, KENTUCKY 40506
COLLEGE OF ARTS AND
   SCIENCES
Department of Physics and
   Astronomy        June 3, 1968
Local Board No. 28
Garrard County
Lancaster, Kentucky 40444
Gentlemen:

Mr. George Noe will be employed as a Lecturer in full-time Teaching in this Department during the 1968-69

---

1. The United States Attorney recommended that no prison sentence be imposed and that Noe should be placed on probation. In imposing the maximum prison sentence the District Judge said: "It will be the judgment of the Court that you be sentenced to five years in the custody of the Attorney General. *The Court has no other choice.*" (Emphasis added.) The italicized sentence is incor-

rect. United States v. Charles, 460 F.2d 1093 (6th Cir. 1972); United States v. Daniels, 446 F.2d 967 (6th Cir. 1970); United States v. Daniels, 429 F.2d 1273 (6th Cir. 1970); United States v. McKinney, 427 F.2d 449 (6th Cir. 1970). However, since we reverse the conviction, we do not reach the issue of the severity of the sentence in the present case.

academic year. He will be conducting classes in Physics 211, 213; 212, 214: General Physics, with his duties to begin on August 20, 1968 (our registration begins on August 26; classes begin on August 28). The full-time teaching will consist of meeting classes to the number of 12 credit-hours, which is a full-time load for a professor who does not have a research or administrative assignment in addition to teaching.

During the Summer interval, Mr. Noe will be employed as a Research Assistant in this Department in support of the research of one of our professors.

The full-time teaching services will be very necessary to us during the 1968–69 academic year in meeting the need to teach ever-increasing numbers of undergraduate students. An occupational deferment for this purpose is in the best interests of this University and would aid in the technical training of many students. I thoroughly recommend that an occupational deferment be granted to Mr. Noe.

Yours truly,

Bernard D. Kern
Chairman

copy to

Mr. George Noe

BDK:rl

On April 7, 1969, the Chairman of the Physics Department wrote the following letter requesting that the II–A classification of Mr. Noe be continued:

UNIVERSITY OF KENTUCKY
LEXINGTON, KENTUCKY 40506
COLLEGE OF ARTS AND
    SCIENCES
Department of Physics and
    Astronomy          April 7, 1969
Local Board No. 28
Garrard County
Lancaster, Kentucky 40444
Gentlemen:

Mr. George W. Noe is to be employed as a full-time Lecturer for the academic year 1969–70, for teaching duties with the Department of Physics and Astronomy. He will be assigned classes and duties amounting to a minimum of 12 credit-hours, which constitutes a full working week.

In the performance of his duties during the past two semesters, Mr. Noe has done an excellent job and has fulfilled our expectations. He has made a very considerable contribution to our departmental teaching effort.

Our search for replacement teaching personnel in the category occupied by Mr. Noe has not been very successful. At the present time, it appears that we shall be lacking about 5 or 6 persons in his category for the Fall semester. Consequently, a real and serious need for his services does exist. I strongly recommend that my request, now presented, for his deferment from military service be granted.

Yours truly,

/s/ B. D. KERN
Bernard D. Kern
Chairman

copy to

Mr. George W. Noe

BDK:rd

The Local Board thereupon sent a questionnaire to the University, which was executed and returned by the Chairman of the Department of Physics. It was stated that Noe would teach Physics courses 211–213, 213–232 and 214–242 to University sophomores and juniors; that there were nine current vacancies and eight projected vacancies in the category to be filled by Noe, with about six offers still outstanding which "probably will be refused;" and that "Mr. Noe is making a valuable contribution to our teaching mission." The only material difference between the 1969 questionnaire and that of the previous year was that there were nine rather than twelve vacancies in Noe's employment category and the Chairman of the Department of Physics did not know how long the shortage of physics teachers was expected to last.

The Local Board reclassified Noe I–A on April 15, 1969, without stating any reasons for the denial of the requested II–A. On September 24, the Appeal Board approved the I–A classification. On October 15, 1969, the Local Board issued an induction order. Although subsequent postponements were granted, this was the only induction order issued to Noe. Thus the legal status of the October 15 order is crucial to the issue of whether Noe refused to obey a valid order of induction.

■ It is well settled that such a change of classification must be supported by a basis in fact. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 122, 66 S. Ct. 423, 90 L.Ed. 567 (1946).

■ This court has held that it is not necessary for the Board to furnish the registrant with reasons for its decision in refusing to continue a II–A classification. Ware v. Commanding General, 6 Cir., 456 F.2d 1036 (1972). The issue in the present case is whether there *was* a basis in fact for the decision of the Board, *not* whether the Board informed Noe of the reasons for its decision.

This court has examined carefully the Local Board's cover sheet and file on Noe. Nowhere do we find any indication of a basis in fact for this change in classification. No facts are cited indicating any change in Noe's employment status or the manpower needs of the military.

The District Court made no specific findings of fact on the issue of the denial of Noe's II–A classification. No evidence was introduced at the trial showing any basis in fact for this action. Members of the Local Board, the Clerk and a representative of State Headquarters were witnesses in the District Court but their testimony reveals no factual basis in support of their action.

We find it unnecessary to discuss the numerous other questions which are raised on this appeal.

The conviction for refusing to submit to the induction order is reversed. The mandate of this court will issue forthwith.