Bill Houston CARTER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1888.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 25, 1977.

Decided Feb. 10, 1977.

Rehearing Denied March 7, 1977.

G. Steven Napper, North Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty. and Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Bill Houston Carter appeals from his conviction of violating 18 U.S.C. § 922(h)(1), for unlawfully receiving a firearm which had been transported in interstate commerce after he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Carter contends on this appeal that the district court committed prejudicial error in permitting a witness, a druggist, to testify that immediately preceding Carter's apprehension, Carter had presented the druggist with a forged prescription for narcotic drugs. Appellant argues that the admission of this testimony of another crime was of such prejudicial effect that a mistrial should have been granted on appellant's motion. Given the factual con-

text of this case, we reject this contention and affirm the conviction.

The witness, William Darnell, testified that Carter had entered Darnell's drug store and asked Darnell to fill a prescription for Preluden, a narcotic. Over objections, the witness testified in direct examination that he recognized that the narcotics prescription was forged. The druggist filled the prescription, but advised Carter of a discrepancy in the prescription and asked him to wait until the police arrived so the matter could be straightened out. Carter turned and walked rapidly out of the front door and started to run away. The druggist obtained a revolver and gave chase. During the chase, appellant abandoned the sack containing the Preluden and dropped a pistol over the side of a nearby retaining wall. Carter was apprehended by Darnell and another pharmacist who had joined in the chase. The prosecution established by other competent evidence that a pistol found behind the retaining wall had been in Carter's possession.

During cross-examination of Darnell, this witness admitted that he had not seen Carter drop his gun over the retaining wall. In response to defense counsel's questions, Darnell characterized Carter's presentation of the forged prescription as a felony:

Q Why didn't you look over the wall immediately when it fell?

A Well, sir, Mr. Carter had just committed a felony. There were a lot of things on my mind, and what he dropped over the wall wasn't one of them.

Thereafter, Carter's counsel moved for a mistrial. The court denied the mistrial but admonished the jury: "Whether he [Carter] did or didn't commit a crime [relating to narcotics] is no concern of yours, as I have explained to you. And it has to be totally ignored by you, * * * and the guilt or innocence of the defendant is in regard to the pistol and the pistol only."

■ An exception exists to the general rule excluding evidence of other crimes which "permits the introduction of evidence of other criminal activity to complete the story of the crime on trial by proving its immediate context or the 'res gestae.'" *United States v. Howard*, 504 F.2d 1281, 1284 (8th Cir. 1974). *See also United States v. Cochran*, 475 F.2d 1080, 1082–83 (8th Cir.), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973); *United States v. Stubblefield*, 408 F.2d 309, 310 (6th Cir. 1969); McCormick, *Evidence* § 190 at 448 (2d ed. 1972); 1 Wigmore, *Evidence* § 218 at 719–722 (3d ed. 1940).[1]

■ In this case, the narration of the events immediately preceding the chase and the discovery of the weapon behind the retaining wall, together with other corroborating evidence, served to establish that Carter had been in possession of the weapon. The evidence was admitted for a proper purpose.[2] While this evidence did not go to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, those purposes as listed in 404(b) are not exclusive and the *res gestae* rule is well recognized. *See* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[08] at 405–45 (1975).

When the testimony is properly admitted, the court should give a limiting instruction. *United States v. Calvert*, 523 F.2d 895, 907 (8th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). Here, the record shows that the district court gave not one, but three, instructions to the jury

1. Although Wigmore criticized the *res gestae* rule, his complaint was that the use of the term obscured analysis, not that the rule itself was unsound. Perhaps because of this scholarly criticism, Fed.R.Evid. 404(b) does not use the term "*res gestae*."

2. Rule 404(b) of the Federal Rules of Evidence reads as follows:

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

informing them of the limited purpose for which the testimony had been admitted. Accordingly, the record discloses no error in reception of the questioned evidence.

Affirmed.

LAY, Circuit Judge, dissenting.

I respectfully dissent.

Evidence of the sequence of events in the drug store which preceded the defendant's arrest was clearly admissible as relevant circumstances surrounding the proof that the defendant allegedly possessed the weapon as claimed by the government.

However this does not sanction a lay witness' *opinion* that the defendant had "forged a narcotic prescription" or that he had in fact committed a felony. This testimony was highly irregular and prejudicial. Defense counsel timely objected and gave notice to the trial judge what might occur, and the judge should have limited the witness to a statement of facts. The witness should have been permitted to state simply that the prescription was irregular or improper in appearance and that this precipitated his conduct. His statements that the defendant had forged a prescription to obtain narcotics or was guilty of a felony were not factually demonstrated.

Fed.R.Evid. 403 reads:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In today's society there can be nothing more prejudicial to a defendant in a criminal case than to suggest he is some way mixed up with narcotics. The defendant was indicted and charged with unlawful possession of a firearm. The government should be restricted to proof of that crime without an inflammatory suggestion of some other bizarre, unproven crime involving narcotics. The defendant was denied a fair trial and deserves a new one.