755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
BRUCE MILTON GREEN, DEFENDANT-APPELLANT.
 NO. 84-1308
 United States Court of Appeals, Sixth Circuit.
 1/3/85
 
 Before: EDWARDS and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 
 1
 The defendant, Bruce Milton Green, appeals from his sentence of fifteen years imprisonment and a five year special parole term following his plea of guilty to possession with intent to distribute and distribution of cocaine in violation of 18 U.S.C. Sec. 841(a)(1). Defendant was charged in a seven count indictment with conspiracy to commit, and violations of, federal narcotics and firearms statutes. Pursuant to a Rule 11 plea agreement defendant pleaded guilty to a single count of cocaine distribution in exchange for dismissal of the remaining six counts and a sentence not to exceed the statutory maximum. Prior to sentencing, defendant and his counsel reviewed and presented in detail their objections to the presentence investigation report. Thereafter, defendant was sentenced to the maximum term of imprisonment, but no fine was imposed.
 
 
 2
 This Court believes that three questions are presented by the defendant's appeal:
 
 
 3
 1) Whether the defendant was denied due process of law by the trial court's use of a presentence report which was alleged to contain certain errors;
 
 
 4
 2) Whether the trial court erred in failing to afford the defendant an opportunity to withdraw his guilty plea subsequent to consideration of the presentence report;
 
 
 5
 3) Whether the substance of the 1983 amendments adding Federal Rule of Criminal Procedure 32(c)(3)(D) should be aspplied retroactively to the sentence imposed in this case.
 
 
 6
 The latter two issues can be disposed of rather quickly. First, with respect to the issue concerning defendant's lack of an opportunity to withdraw his plea, at oral argument defendant's counsel effectively abandoned this argument. This abandonment in no way works to the prejudice of the defendant because we find the argument was directly contradicted by the record, and therefore without merit. Second, with respect to the issue concerning amended Rule 32(c)(3)(D), upon oral argument counsel for the United States stipulated that the government was willing to forward the transcript of the sentencing hearing to the Bureau of Prisons and Parole Commission to be appended to the presentence investigation report. Since Rule 32(c)(3)(D) is not expressly applicable to the defendant's sentencing, which occurred in 1978, the government's stipulation adequately serves to resolve any questions of fundamental fairness this Court may have entertained concerning the use of the presentencing report by the Bureau of Prisons or Parole Commission subsequent to the effective date of the 1983 amendments.
 
 
 7
 With respect to the issue concerning possible due process violations by the trial court's use of a presentence investigation report alleged to contain certain errors, we hold that due process was not violated and that the trial court's imposition of sentence is upheld. It is well settled in this Circuit that a trial judge's imposition of sentence within the statutory limits will not be disturbed on appeal absent. a plain showing of an abuse of discretion. United States v. Stubblefield, 408 F.2d 309 (6th Cir. 1969). In this case there is no evidence that the trial judge improperly relied upon any of the challenged information included in the presentencing report. Further, the record reveals that the trial judge was responsive to the various objections raised by the defense. Based upon this record, we find no abuse of discretion.
 
 
 8
 Accordingly, the judgment of the Honorable James Harvey is affirmed.