770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
CHARLES THOMAS LATHAM, DEFENDANT-APPELLANT.
 NO. 84-5540
 United States Court of Appeals, Sixth Circuit.
 7/25/85
 
 E.D.Tenn.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: MARTIN and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On February 10, 1984, the defendant, Charles T. Latham, in cooperation with Harold D. Evans, robbed a federally insured bank of $18,006.45. Latham held one of the tellers around the neck with his left arm and held a small automatic pistol in his other hand. None of the money has been recovered.
 
 
 2
 Latham was arrested on February 22, 1984, and on March 21, 1984, pled guilty to the crime of assaulting or putting into jeopardy the life of any person by the use of a dangerous weapon in the commission of bank robbery, 18 U.S.C. Sec. 2113(d). The district court on April 18, 1984, gave Latham a twenty-year sentence, specifically finding that he was not a suitable candidate for sentencing under the Federal Youth Corrections Act. Defendant made two motions to reduce the sentence under Fed. R. Crim. P. 35, both of which were denied.
 
 
 3
 Defendant now argues that the district court abused its discretion in refusing to allow the Parole Commission to set the time when he would be eligible for parole under 18 U.S.C. Sec. 4205(b)(2). Defendant acknowledges 'the general proposition that once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end.' Dorszynski v. United States, 418 U.S. 424, 431 (1974) (footnote omitted). He argues, however, that the sentence comes within one of the exceptions recognized in United States v. Daniels, 446 F.2d 967, 970-71 (6th Cir. 1971): that the trial judge grossly abused his discretion by failing to evaluate the relevant information before him with due regard for the factors appropriate to sentencing. Although the trial judge gave the greatest weight to Latham's use of violence and his prior conviction for a felony offense, we cannot say that he paid so little attention to the other factors as to grossly abuse his discretion. Nor do we believe that it is ever obligatory to sentence under section 4205(b)(2), which is only one of three minimum sentencing alternatives open to the district court. See also 18 U.S.C. Sec. 4205(a), (b)(1).
 
 
 4
 Defendant also argues that the district court erred in refusing to sentence him under the Federal Youth Corrections Act, 18 U.S.C. Sec. 5010 (repealed 1984). The Supreme Court clearly held in Dorszynski, however, that the district court need only find that the Act does not apply, without any statement of reasons. 418 U.S. at 441-42. An implicit finding that sentencing under the Act will not benefit the defendant is sufficient. Id. at 443-44. Congress did not, contrary to defendant's argument, require that the magic words 'no benefit' be uttered by the court.
 
 
 5
 The judgment is affirmed.