888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott L. TINSLEY, Defendant-Appellant.
 No. 89-5021.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant, Scott L. Tinsley ("Tinsley"), appeals his jury conviction for making false statements to acquire firearms and for possession of firearms transported in interstate commerce. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On November 21, 1988, a jury convicted Tinsley of two counts of possession of firearms by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1)[1] and nine counts of making false and fictitious statements in connection with the purchase of firearms, in violation of 18 U.S.C. Sec. 922(a)(6).[2] Tinsley was sentenced to 15 years imprisonment.[3] Tinsley also was assessed $50 on each of counts one through twelve for a total of $600 to be paid within two years. He was ordered to submit to a period of supervised release after completion of his sentence.
 
 II.
 
 3
 Tinsley stipulated before the district court that, on June 11, 1980, he was convicted in Jefferson Circuit Court, in Jefferson County, Kentucky, of first degree manslaughter, a felony crime. Pursuant to this conviction Tinsley was sentenced to fifteen years. On February 18, 1982, the Kentucky Court of Appeals remanded Tinsley's conviction to Jefferson Circuit Court for further proceedings. On March 17, 1982, Tinsley was released from prison, having served his incarceration time, and he began his supervised parole. On April 28, 1982, Jefferson Circuit Court reinstated Tinsley's felony conviction of first degree manslaughter. No further appeal was taken from the order of reinstatement. Tinsley did not attend the April 28, 1982 post-incarceration, post-appeal evidentiary hearing in the Jefferson Circuit Court.[4] Tinsley further stipulated that he knowingly possessed fifteen firearms on October 30, 1987.
 
 
 4
 When Tinsley was released on parole, he reported to his parole officer, William Rogers ("Rogers"), who explained the conditions of Tinsley's parole. Tinsley was placed under travel restrictions. He agreed to home visits and searches and seizures made by a parole officer with probable cause. Tinsley acknowledged that if he purchased, owned or possessed a firearm he would be in violation of federal law. Before the district court, Rogers testified that during the two and one-half year period of defendant's active parole status (from March 17, 1982 until August 29, 1984), he had 116 parole contacts with Tinsley.
 
 III.
 A.
 
 5
 On appeal, Tinsley posits three arguments: (1) that there was insufficient evidence to support the jury's determination that he had knowledge of his prior felony conviction; (2) that the sentencing court abused its discretion by considering an extensive past of unresolved criminal charges in reaching its sentence; and (3) that the district court's decision not to suppress evidence of the predicate offense was improper.
 
 B.
 
 6
 With regard to the jury's determination that Tinsley had knowledge of his prior felony conviction, we find that there is substantial evidence to support such a determination. In United States v. Wood, 780 F.2d 555 (6th Cir.) cert. denied, 475 U.S. 1111 (1986), we stated that:
 
 
 7
 In determining the sufficiency of evidence on appeal, (the) court must determine whether viewing the evidence and all reasonable inferences in the light most favorable to the government, a reasonable trier of fact could find evidence establishing each element of the crime beyond a reasonable doubt.
 
 
 8
 Wood, 780 F.2d at 557. Given the broad range of facts that Tinsley stipulated, the only issue that remained for the jury was Tinsley's knowledge of his prior felony status.
 
 
 9
 Circumstantial evidence can be a sufficient basis for sustaining a verdict. United States v. Stone, 748 F.2d 361 (6th Cir.1984). Tinsley attended the trial in his predicate felony case. He knew the jury verdict. Moreover, the evidence of Tinsley's 116 parole contacts alone provides a sufficient basis for a reasonable trier of fact to find that Tinsley had knowledge of his prior felony conviction. Thus, when viewing the body of evidence as a whole, we find that there is substantial evidence to support the jury's determination regarding Tinsley's knowledge.
 
 C.
 
 10
 If the district court's sentencing is within the statutory limits, it is subject to review only if the court commits a gross abuse of discretion by relying on erroneous or improper factors or fails to evaluate the sentencing information submitted. See, e.g., United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). In United States v. Daniels, 446 F.2d 967 (6th Cir.1971) we "permitted the trial judge broad discretion in sentencing a criminal defendant without specific regard to the severity of the sentence imposed so long as the sentence was within the permissible statutory range." Id. at 970. Since Tinsley claims that the district court's sentencing decision is based on improper factors, we are compelled to apply the gross abuse of discretion standard when reviewing the sentencing decision.
 
 
 11
 The sentencing information statute provides:
 
 
 12
 No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.
 
 
 13
 18 U.S.C. Sec. 3661. A sentencing court may consider criminal charges for which convictions were never obtained, or which were never brought to trial. United States v. Hill, 688 F.2d 18, 20 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). The sentencing transcript reveals that the judge considered Tinsley's past criminal history which included a charge of resisting arrest, a first degree burglary charge, a charge of disorderly conduct, a first degree assault charge, a charge of murder that led to a jury conviction of manslaughter (the predicate offense), a charge of first degree assault, a charge of bribing a witness which was later dismissed, and a second disorderly conduct charge. The sentencing judge's consideration of these prior criminal charges was proper.[5] Hill, 688 F.2d at 20.
 
 D.
 
 14
 The district court correctly refused to suppress Tinsley's predicate felony conviction which he claims was reinstated in violation of his sixth amendment right of confrontation. Tinsley did not seek a timely appeal of the reinstatement of the predicate felony conviction. A firearms prosecution does not subject the predicate felony to collateral attack. See Lewis v. United States, 445 U.S. 55 (1980); Flippins v. United States, 808 F.2d 16 (6th Cir.), cert. denied 481 U.S. 1056 (1987); United States v. Maggard, 573 F.2d 926 (6th Cir.1978); Cassity v. United States, 521 F.2d 1320 (6th Cir.1975). An elaborate mechanism for post-conviction vindication of federal constitutional standards by exhaustion of state remedies and federal habeas corpus petitions has been established. See, e.g., Maggard, 573 F.2d at 929. Because Tinsley failed to employ these remedies, we conclude that he is not entitled to collaterally attack the predicate felony pursuant to a federal conviction for illegal possession of firearms.
 
 
 15
 For the foregoing reasons, the judgment of conviction is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 922(g)(1) provides:
 "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."
 
 
 [2]
 18 U.S.C. Sec. 922(a)(6) provides, in pertinent part:
 "It shall be unlawful for any person in connection with the acquisition or attempting acquisition of any firearm or ammunition from a ... licensed dealer ... knowingly to make any false or fictitious, or misrepresented identification, intended or likely to deceive such ... dealer ... with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."
 
 
 [3]
 Tinsley was sentenced to five years on count one and five years on count two to run consecutively. He was sentenced to an additional five years on each of counts three through twelve to be served consecutive to the terms imposed on counts one and two, but concurrently with each other and consecutive to any state sentence
 
 
 [4]
 The hearing was held to determine the prior felony status of a key prosecution witness witness pursuant to Kentucky evidentiary law. Tinsley's attorney advised the Jefferson Circuit Court that Tinsley waived his right to be present at the evidentiary hearing after counsel with his attorney
 
 
 [5]
 Further evidence that the sentencing judge did not abuse his discretion is derived from his statement:
 "I'm not convicting you of beating up on those women, and I'm not trying you for cutting these women. But I can't ignore those charges...." Sentencing Hearing Transcript at 13 (December 20, 1988).